FILED

FEB 29 2008

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 07-40055-18 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| vs. | \* | OPINION AND ORDER |
| | \* | ON MOTIONS |
| MATTHEW BERNARD WELDON, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### Motion for Disclosure of Impeaching Information, Doc. 661

Defendant has moved the court for the disclosure of impeaching materials. The United States has agreed, as it must, to comply with the requirements of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) as to any person called as a witness in this case. The United States noted, however, it is not required to provide the defense with the criminal records of all its potential witnesses but has agreed to provide the defense with the criminal records of its testifying witnesses that are properly used for impeachment purposes under the provisions of Rule 609 of the Federal Rules of Evidence. Accordingly, it is hereby

ORDERED that the Government shall, regarding testifying witnesses, disclose impeaching and exculpatory materials as required by Giglio and Brady, subject to the limitations of F.R.Evid. 609. These disclosures shall be made no later than two weeks prior to trial. The remainder of Defendant's motion is DENIED.

### Motion for Disclosure of Other Bad Acts, Doc. 662

Defendant has moved the court for an order compelling the United States to disclose other bad acts testimony which it intends to offer under Federal Rule of Evidence 404(b). The United States has agreed to comply, as it must, with Rule 404(b). It is hereby

ORDERED the Defendant's Motion for Disclosure of Other Acts is granted, in part, and the United States shall provide reasonable notice of its 404(b) evidence no later than two weeks prior to trial. The balance of Defendant's motion is DENIED as to items 1-5 identified in the motion. United States v. Rusin, 889 F.Supp. 1035, 1036 (N.D.Ill. 1995). (Government's notice of its intent to use other crimes evidence was not required to include dates, places and persons involved in specific acts, documents pertaining to acts, and statements of issues to which government believed such evidence was relevant.); United States v. Jackson, 850 F.Supp 1481, 1493 (D.Kan. 1994). (Notice of intent to use prior bad acts evidence need not provide precise details regarding date, time, and place of prior bad acts, but it must characterize prior conduct to degree that fairly apprises defendant of its general nature.)

### Motion for Severance, Doc. 665

Defendant has moved the Court for a severance from his co-defendants. Defendant is charged in the Second Superseding Indictment along with numerous other defendants with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant moves for severance from his co-defendants pursuant to Fed. R. Crim. P. 14. That rule states:

**Rule 14. Relief from Prejudicial Joinder**

**(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

**(b) Defendant's Statements.** Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

In the body of his Motion, Defendant asserts a joint trial will prejudice his substantial right to a fair trial in the following ways: (1) his co-defendants have antagonistic defenses; (2) the

government may introduce evidence that is competent as to a co-defendant, but incompetent as to him; (3) there is important evidence which exculpates him which would be admissible in a separate trial but which could be inadmissible in a joint trial; and (4) the prior criminal record of some of the co-defendants if allowed into evidence at a joint trial would prejudice the jury against him.

The grant or denial of a motion to sever is left to the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion that resulted in clear prejudice. United States v. Lawson, 173 F.3d 666, 671 (8th Cir. 1999). Fed. R. Crim. P. 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses." "In ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. To grant a motion for severance, the necessary prejudice must be severe or compelling. This is because a joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome." United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003). "Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Kime, 99 F.3d 879, 880 (8th Cir. 1996).

The first basis for Defendant's motion is his contention that he and his co-defendants have antagonistic defenses. The United State Supreme Court has addressed this argument in Zafiro v. United States, 113 S.Ct. 933, 506 U.S. 534, 122 L. Ed.2d 317 (1993). The Court recognized many of the Courts of Appeals have expressed the view that "mutually antagonistic" or "irreconcilable" defenses may be so prejudicial in some instances so as to mandate severance. Id., 506 U.S. at 538, 113 S.Ct. at 937. See e.g. United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995) (recognizing the existence of antagonistic defenses does not require severance unless defenses are actually irreconcilable).[1] The Court recognized, however, that in most instances, the degree of prejudice to require separate trials cannot be shown. Id. The Court declined to adopt a bright-line rule requiring

---

[1]The co-defendants in Shivers were accused of distributing cocaine. They each pointed the finger at the other. One claimed he did not know the package handed to him by the other was cocaine. The other claimed he did not know there was cocaine in the car, nor did he give his co-defendant any cocaine. The Shivers court held that a joint trial was appropriate, because "one defendant's attempt to save himself at the expense of another co-defendant is not a sufficient ground to require severance." Shivers, 66 F.3d at 940.

severance when co-defendants present antagonistic defenses, or even if prejudice is shown. Rather, the District Court is allowed wide discretion to tailor relief to the specific situation presented by each case. Id. 506 U.S. at 538, 113 S.Ct. at 538-59. The Court cautioned that co-defendants properly joined under Rule 8(b) should be severed only if a joint trial would (1) compromise a specific trial right of one of the defendants; (2) prevent the jury from making a reliable judgment about the guilt or innocence of one of the defendants. Id. The examples given by the Supreme Court were a complex, multi-defendant case in which evidence which would not be admissible in a separate trial is admitted in a joint trial, against a co-defendant, or when many defendants who had markedly different degrees of culpability were tried together in a complex case. Id. The Supreme Court rejected, however, the defendant's notion that "the very nature of their defenses, without more, prejudiced them." Id., 505 U.S. at 539-40, 113 S.C. at 938. The Court held that usually, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."

In Zafiro the Court summarized the co-defendants' theories as "both claiming they were innocent and accusing the other of the crime." They asserted entitlement to a severance because of the prejudice caused by their mutually antagonistic defenses. The Supreme Court noted the Government had offered evidence that each defendant was guilty. "Even if there were some risk of prejudice, here it is of the type that can be cured with proper instructions and juries are presumed to follow their instructions." Id., 506 U.S. at 540, 113 S.C. at 939. In this case, as in Zafiro, even if the defendants each claim the other is solely responsible for the alleged drug distribution, the District Court may avoid prejudice by, for example, instructing the jury: (1) that the Government has the burden of proving beyond a reasonable doubt that each defendant committed the crimes charged against him; (2) the jury must give separate consideration to each individual defendant and to each separate charge against him; (3) and that each defendant is entitled to have his case determined from his own conduct and from the evidence that may be applicable to him. Zafiro, 506 U.S. at 541, 113 S.C. at 939.

Next, defendant asserts that some evidence may be competent as to his co-defendants but not as to him. In United States v. Kime, 99 F.3d 879, 880 (8th Cir. 1996), the defendant argued he was "unfairly tarred" by the spillover effect from the "vast majority" of evidence which was admissible only against his co-defendant. The Eighth Circuit held that severance was not warranted. "To justify severance, the defendant must show more than the mere fact that his or her chances for acquittal would have been better had he been tried separately . . . Mere disparity of evidence against co-

defendants or the alleged prejudicial spillover effect of evidence against a co-defendant are not grounds for severance absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant." Id. at 880. Factors bearing on whether the jury will be able to compartmentalize the evidence are the length and expected complexity of the trial. Id. In this case, the alleged conspiracy was relatively short (from late 2005 to October 2007), and the Second Superseding Indictment contains one count against each defendant - conspiracy to distribute 50 grams or more of a mixture and substance containing cocaine base. "Any risk of prejudice [may be] reduced by the district court's instructions, which [should direct] the jury to consider each offense and its supporting evidence separately, and to analyze the evidence with respect to each individual without considering evidence admitted solely against other defendants." United States v. Mathison, 157 F.3d 541, 546 (8th Cir. 1998) (citations omitted). See also United States v. Moore, 149 F.3d 773, 778 (8th Cir. 1998)(risk that jurors would not be able to compartmentalize evidence against various defendants was minimized by court's ongoing limiting instructions); United States v. Flores, 362 F.3d 1030 (8th Cir. 2004) (no requirement in a joint trial that the quantum evidence of each defendant's culpability be equal; district court properly instructed jury and no evidence jury was unable to compartmentalize evidence against each defendant). Defendant has not shown that the alleged disparity of evidence between him and the other defendants will prevent him from receiving a fair trial in this matter. Further, Defendant is free to request appropriate limiting instructions from Judge Piersol.

Next, Defendant asserts that exculpatory evidence might be admissible at a separate trial, but not in a joint trial. Defendant has not, however, identified any such evidence. Defendant has provided no evidence that any of his co-defendants have expressed a willingness or intent on the record to offer exculpatory testimony. "A defendant is not entitled to severance on the weight of an unsupported possibility that a co-defendant's testimony might be forthcoming at a separate trial. A defendant's assertion that his co-defendant might testify at a separate trial must find some independent support in the record." United States v. Graham, 548 F.2d 1302, 1311 (8th Cir. 1977) (citations omitted). See also United States v. Caspers, 736 F.2d 1246, 1248 (8th Cir. 1984) (attorney's assertion that exculpatory testimony would be forthcoming not enough–affidavit from co-defendant was absent); United States v. Easom, 569 F.2d 457, 458 (8th Cir. 1978) (defendant not entitled to severance based on "unsupported possibility" that co-defendant's testimony might be forthcoming at a separate trial).

Finally, Defendant asserts the prior criminal record of some of the co-defendants would be prejudicial to him in a joint trial. "Other crimes" and bad acts evidence may be properly admitted and accompanied by instructions to the jury that the evidence should be considered only against the defendant to whom it pertains. "[T]hat evidence is admissible as to one defendant but not as to his co-defendants does not alone require severance. And, evidence of prior criminal offenses of one defendant does not prejudice his co-defendants to the level of requiring severance. Nor is a defendant entitled to severance merely because the evidence against a co-defendant is more damaging than against him. " United States v. Robinson, 774 F.2d 261, 267 (8th Cir. 1985). None of the reasons Defendant asserts, therefore, justify a severance.

Accordingly,  IT IS ORDERED that Defendant's Motion for Severance is DENIED.

### Motion for Disclosure of Witness Inducements, Doc. 666

The defendant has moved the court for an order requiring the United States to disclose any agreement entered into between the government and any government witness that could influence said witness' testimony.  The United States, in response to the motion, has indicated that it will disclose information as obligated under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and their progeny, but otherwise resists Defendant's motion. Accordingly, it is hereby

ORDERED that the defendant's motion for disclosure of witness inducements is granted, in part, and the United States shall provide the information as required under Brady and Giglio and their progeny to defendant no later than two weeks prior to trial. The balance of Defendant's motion is denied.

### Motion for Extra Peremptory Challenges, Doc. 663
### Motions for Participation by Counsel in Voir Dire, Docs. 664 & 671
### Motion for Discovery of Jury Research Conducted by the Government, Doc. 667

Defense counsel has filed motions that are more properly considered as motions in limine at a later date by the trial court.  Accordingly, it is hereby

ORDERED that Defendant's Motion for Extra Peremptory Challenges, Motions for Participation by Counsel in Voir Dire, and Motion for Discovery of Jury Research Conducted by the Government are deferred to the District Court for ruling.

### CONCLUSION

As further discussed above, it is hereby

ORDERED that:

1.  Defendant's Motion for Disclosure of Impeaching Information (Doc. 661) is GRANTED IN PART AND DENIED IN PART.

2.  Defendant's Motion for Disclosure of Other Bad Acts (Doc. 662) is GRANTED IN PART AND DENIED IN PART.

3.  Defendant's Motion for Severance (Doc. 665) is DENIED.

4.  Defendant's Motion for Witness Inducements (Doc. 666) is GRANTED IN PART AND DENIED IN PART.

5.  Defendant's Motion for Extra Peremptory Challenges (Doc. 663), Defendant's Motions for Participation by Counsel in Voir Dire (Docs. 664 & 671), and Defendant's Motion for Discovery of Jury Research Conducted by the Government (Doc. 667) are DEFERRED to the District Court.

6.  The motions hearing as regards Defendant Matthew Weldon previously set for Thursday, March 6, 2008, at 9:00 a.m. is cancelled and the government's Application for Writ of Habeas Corpus Ad Prosequendum (Doc. 805) for Defendant to appear at the motions hearing is DENIED AS MOOT.

Dated this **29** day of February, 2008.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By _____, Deputy

(SEAL)